IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Martin Rodriguez-Martinez,<br><br>    Petitioner,<br>v.<br><br>United States of America,<br><br>    Respondent. | NO. C  10-05921 EJD<br>NO. CR 06-00055 EJD<br><br>**ORDER DISMISSING AMENDED PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. 2255** |

Presently before the Court is a motion styled as Petitioner's Amended Habeas Corpus Petition Under 28 U.S.C. § 2255.[1] In his Amended Petition, Petitioner requests that the Court review his sentence, on the ground that he is "not being credited," in computation of his Good Conduct Time, for time served "before [his] sentence was imposed."[2] (Id.)

"Generally, motions to contest the legality of a sentence must be filed under [28 U.S.C. § 2255] in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C. § 2241] in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The authority to compute a federal prisoner's sentence belongs to the Federal Bureau of Prisons ("BOP"). See United States v. Wilson, 503 U.S. 329, 334-35 (1992). However, a prisoner may bring a habeas petition under § 2241 challenging the BOP's calculation of his sentence. See generally Schleining v. Thomas, 642 F.3d 1242 (9th Cir. 2011).

---

[1] (hereafter, "Amended Petition," Docket Item No. 41 in No. CR 06-00055 EJD.) All subsequent docket citations are to the criminal case, CR 06-00055 EJD.

[2] (See generally, Amended Petition at 3-4.)

1   Here, as a preliminary matter, the Court observes that both Petitioner's Original Petition[3] and
2   Amended Petition were brought under 28 U.S.C. § 2255, rather than under 28 U.S.C. § 2241.
3   Because Petitioner is proceeding *pro se*, and because the Court, in a prior order, erroneously
4   instructed Petitioner to bring his Amended Petition under § 2255, the Court liberally construes the
5   Amended Petition.

6   The Court observes that none of Petitioner's filings offer any information about the nature of
7   the alleged "time served before the sentence was imposed." Instead, Petitioner's entire contention as
8   to this issue is as follows: "The computation of another time served [sic] before the sentence was
9   imposed is 11 eleven [sic] months in prison which time Defendant is not being credited for."
10  (Original Petition at 6.) Although Petitioner's filings are somewhat inchoate, it is clear that
11  Petitioner objects to the BOP's computation of his sentence, and in particular, that he believes that
12  the BOP has failed to properly credit him for "time served before [his] sentence was imposed."
13  (Original Petition at 6.) Thus, the crux of Petitioner's claim is the failure of the BOP to provide
14  correct computation of his time served credits. As stated above, although § 2255 petitions are
15  properly filed in the sentencing court, § 2241 petitions "must be brought in the judicial district of the
16  petitioner's custodian." See, e.g., Baskerville v. Babcock, No. CIV 2:11-cv-0843-JFM, 2012 WL
17  2562350, at *2 (E.D. Cal. June 29, 2012).

18  Accordingly, the Court DISMISSES Petitioner's Amended 2255 Motion[4] because the
19  remedy sought by Petitioner is only available pursuant to § 2241, which must be filed in the judicial
20  district where he is currently incarcerated, namely, Jessup, GA.

---

[3] (See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 6, hereafter, "Original Petition," Docket Item No. 38.)

[4] It is worth noting that to the extent Petitioner is seeking relief under § 2255, it appears that the Amended Petition is moot, insofar as Petitioner's filings indicate that he was "projected for release" on August 28, 2011. (See Docket Item No. 36 at 2.) Thus, because Petitioner is only seeking relief in the form of a corrected computation of his sentence, and insofar as he appears to have already served the entirety of that sentence, the Amended Petition appears to be moot. See Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988).

2

The Clerk shall close this file and the companion case C 10-05921 EJD pursuant to this Order.

Dated: 9/28/2012

EDWARD J. DAVILA
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Martin Rodriguez Martinez
Reg. No. 82112-011
Federal Correctional Institution
2680 U.S. Highway 301 South
Jessup, GA 31599

Dated:  September 28, 2012              Richard W. Wieking, Clerk

                                                       By: _____
                                                            Elizabeth Garcia
                                                            Courtroom Deputy

**United States District Court**
For the Northern District of California